United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

Plaintiff,

v.

CORRECTIONAL OFFICERS S. ROACH AND MORRIS,

Defendants.
_______________________________/

No. C 10-2088 CW (PR)

ORDER FOR SERVICE OF ORIGINAL COMPLAINT; DISMISSING NEW COMPLAINT AS UNEXHAUSTED; AND ADDRESSING PENDING MOTIONS

INTRODUCTION

Plaintiff Shannon Riley, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed a civil rights complaint, a motion for a preliminary injunction, and requests for modification and reduction of the filing fee.

He has also filed a new complaint entitled, "Comlaaint [sic] Under the Civil Rights Act Tit. 42 USC 1983."

BACKGROUND

The background of Plaintiff's claims is taken from his original complaint, his new complaint and the attached exhibits.

In Plaintiff's original complaint dated April 13, 2010, he states that Defendant SVSP Correctional Officer S. Roach "has continued to retaliate and harass [him] by filing false rule violation reports, refusing to release [him] for work and ultimately causing [him] to seek a job change [due] to the continuous harassment and retaliation." (Compl. at 3.) In Plaintiff's new complaint, he specifies that the alleged retaliation took place in 2009, after he filed a grievance against SVSP Correctional Officer Vasquez, one of Defendant Roach's

"buddies." (Apr. 25, 2010 Compl., Ex. E at 101.) Plaintiff claims that on July 6, 2009, Defendant Roach retaliated against him by "refus[ing] to release [him] for his work assignment." (Id. at 99.) Plaintiff claims that he was not allowed to "perform his work assignment" from July 7, 2009 through July 9, 2009. (Id. at 101.) Plaintiff claims that on July 8, 2009, he confronted Defendant Roach "about his reason for refusing to release [him] for his work assignment," and Defendant Roach "responded by stating he don't [sic] like I/M paper pushers specifically when I/M's file against one of his buddies . . . . C/O Roach was referring to the a [sic] complaint [Plaintiff] filed against C/O Vasquez." (Id.) Plaintiff also identifies the staff member "who signs the time cards" as Defendant SVSP Correctional Officer Morris, and claims Defendant Morris "'falsely documented' [his] time card as [Plaintiff] was allowed out to perform his duties." (Id. at 100-101.)

Plaintiff filed an administrative grievance relating to his retaliation claim, and his allegations were investigated at the second level of review. In the second level decision, dated September 3, 2009, it was determined that his appeal was "partially granted" because an inquiry into Plaintiff's allegations had been conducted. (Id. at 104.) The details of the inquiry were not disclosed, but the reviewer concluded: "The inquiry is complete. Staff did not violate CDCR policy." (Id.) At the third level of review the second level findings were upheld.

As mentioned above, Plaintiff filed a new complaint dated April 25, 2010, pertaining to events which occurred after the incident of alleged retaliation by Defendants Roach and Morris mentioned above. Plaintiff claims that on August 19, 2009, he

"continued to experience harassment and retaliation from both officers C/O Morris and Roach." (Apr. 25, 2010 Compl. at 5.) He attempted to file another grievance; however, it was "returned by the appeals coordinator alleging it to be a 'duplicate' thereby preventing [him] from exercising his due process rights and access to court." (Id.) Plaintiff seems to be alleging a claim relating to the grievance process and names the following appeals coordinators as Defendants: E. Medina, P. Nickerson and Smith.

Plaintiff alleges he "attempted to secure a job change in order to remove himself away from the building staff, [but] this request was denied." (Id.) He "continued to be subjected to retaliatory tactics by his building staff C/O Morris and C/O Roach;" however, all his grievances were "returned." (Id.) Plaintiff claims "as a result, [he] never could exhaust his administrative remedies inregards [sic] to C/O Morris. (Id. at 6.) Plaintiff then asked his mother to write to the "California State Personal [sic] Board, the Office of Internal Affairs." (Id.) He also "continued to write the warden in an effort to seek assistance from him." (Id.) While Plaintiff received a response, he claims the warden "failed to intervene and repremand [sic] his staff." (Id. at 7.) On January 1, 2010, Plaintiff was "successful in securing a job change in an effort to remove himself from the continuous verbal assaults, arbitrary 'locing [sic] petitioner in his cell' and/or 'refusing to release petitioner out for work,' but continuing to run regular program for all other inmats [sic] housed in facility D, building 7." (Id.)

Plaintiff alleges that on March 5, 2010, Defendant Roach filed a "false rules violation report" against him for "Disobeying a

Direct Order." (Id.; Apr. 25, 2010 Compl., Ex. X at 187.) Plaintiff was "found guilty of the offense alleged and was sentenced to 30 days credit loss, LOP (loss of privileges, i.e., one quarter canteen draw, loss of yard except for one hour a day that is every other day (mon, weds, fri), no phone calls, no quarterly packages/special purchase." (Apr. 25, 2010 Compl. at 8.) Plaintiff claims that "there was no evidentiary basis for the finding of guilt on the initial (CDC 115) . . . ." (Id. at 9.) Plaintiff adds that Defendant SVSP Correctional Lieutenant R. A. Boccella "violated [his] due process rights by failing to provide [him] with all of the witnesses he requested . . . [by] refus[ing] to review and consider the falsehood of C/O Roach's allegqtion [sic] that he counseled petitioner in the past." (Id.) Finally, Plaintiff claims that he "has yet to exhaust his administrative remedies to said rules violation report being that [he] has yet to receive his final copy of the rules violation report (CDC-115)." (Id.)

He seeks injunctive relief and monetary damages.

DISCUSSION

I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally

construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

II. Legal Claims

A. Retaliation Claim in Original Complaint

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

In his original complaint, Plaintiff alleges that Defendants Roach and Morris retaliated against him by refusing to release him for his work assignment and falsely documenting his time card to say he was allowed out to perform his duties, respectively. Plaintiff claims Defendants Roach and Morris acted in this matter

United States District Court
For the Northern District of California

because Plaintiff filed a complaint against another officer, Officer Vasquez. Liberally construed, Plaintiff's allegations state a cognizable retaliation claim against Defendants Roach and Morris.

B. Claims in New Complaint

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 (9th Cir.), cert. denied, 540 U.S. 810 (2003). While non-exhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to the exhaustion requirement applies. Id. at 119-20. Accordingly, the court may dismiss a claim without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies. See id.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed

United States District Court
For the Northern District of California

through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

Here, the retaliation claim raised in Plaintiff's original complaint was pursued through the third level of review.[1] However, the claims raised in Plaintiff's new complaint appear not to have been exhausted through the administrative grievance procedure. Unlike Plaintiff's original complaint, in which he states specifically that he did exhaust his administrative grievances, his new complaint does not so state. Nowhere in the new complaint does Plaintiff allege that he exhausted his due process claim against Defendant Bocella or his claim relating to the grievance process against Defendants Medina, Nickerson and Smith. Therefore, it appears from the face of the new complaint that Plaintiff has not exhausted his administrative remedies as to these claims.

Accordingly, Plaintiff's claims in his new complaint are

[1] Plaintiff specifically concedes that he has not exhausted his administrative remedies as to his retaliation claim against Defendant Morris. Plaintiff contends he attempted to file an administrative grievance relating to his claims against Defendant Morris; however, it was "returned" without being answered. It thus appears he has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). If the allegations that his appeals have not been answered are true, however, it may be that administrative remedies are not "available" within the meaning of the statute. This is an issue better resolved at a later stage of the case.

United States District Court
For the Northern District of California

DISMISSED as unexhausted. Plaintiff may refile his claims if he is able to exhaust his administrative remedies in compliance with Title 15 of the California Code of Regulations § 3084. However, Plaintiff must refile his due process claim against Defendant Bocella in a separate action from his claim relating to the grievance process against Defendants Medina, Nickerson and Smith, because the two claims are not properly joined.

III. Motion for a Preliminary Injunction

Plaintiff seeks immediate injunctive relief (docket nos. 3, 5). Prior to granting a preliminary injunction, however, notice to the adverse party is required. See Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. See Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983). A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed. R. Civ. P. 65(b). Although Plaintiff swears under penalty of perjury that the information contained in his pleadings is true and correct, and thus the pleadings may be deemed affidavits, and although the first pleading describes Plaintiff's circumstances with a fair amount of specificity, it does not clearly appear from the pleadings that Plaintiff will suffer

**United States District Court**
For the Northern District of California

immediate injury before Defendants can be given an opportunity to respond. Plaintiff claims that Defendant Roach has filed "two false violation reports within a three month period." (May 17, 2010 Mot. for TRO at 2.) As a result of receiving these rule violation reports, Plaintiff claims that he has lost some of his privileges. (Id.) If Plaintiff receives one more rule violation report, he claims he could be placed in the "Behavior Management Program," where inmates will be "required to send almost all of their personal property home at the inmates' expense." (Id. at 1.) To date, Plaintiff has not alleged that he has received a third rule violation report. Therefore, no specific date of placement in "Behavior Management Program" is looming.

In light of these circumstances, the Court directs Defendants Roach and Morris to respond to the motion for preliminary injunction as directed below.

CONCLUSION

1. Plaintiff presents a constitutionally cognizable retaliation claim against Defendants Roach and Morris in his original complaint.

2. Plaintiff's claims in his new complaint are unexhausted; therefore, they are DISMISSED without prejudice to refiling his claims if he is able to exhaust his administrative remedies. As mentioned above, Plaintiff is directed to file each claim in a separate action.

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the original complaint and all attachments thereto (docket no. 1) and a copy of this Order to: SVSP

United States District Court
For the Northern District of California

Correctional Officers S. Roach and Morris. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. The Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

United States District Court
For the Northern District of California

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than ninety (90) days from the date Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than sixty (60) days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that

> there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. If Defendants wish to file a reply brief, Defendants shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. The Court further orders as follows:

a. On the same date their answer is due, Defendants shall respond to the motion for preliminary injunction (docket nos. 3, 5). The response to the motion for preliminary injunction shall

United States District Court
For the Northern District of California

be supported by adequate factual documentation and shall conform in all respects to the Federal Rules of Civil Procedure, and all papers filed with the Court shall be promptly served on Plaintiff. Defendants are specifically directed to inform the Court if Plaintiff has received any more rule violation reports, or if there are any plans to place Plaintiff in the Behavior Management Program.

b. Plaintiff may file a reply within fourteen (14) days of the date Defendants' response is filed. Plaintiff's reply should be supported by factual documentation and should demonstrate why Plaintiff satisfies the following standard:

Under the traditional test for granting preliminary injunctive relief, Plaintiff must: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to Plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring Plaintiff; and (4) show that granting the injunction favors the public interest. See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

The Prison Litigation Reform Act requires further that preliminary injunctions relating to prison conditions "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." 18 U.S.C. § 3626(a)(2).

7. Discovery may be taken in this action in accordance with

United States District Court
For the Northern District of California

the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Plaintiff's requests for modification and reduction of the filing fee (docket nos. 9, 10) are DENIED.

11. This Order terminates Docket nos. 9 and 10.

IT IS SO ORDERED.

DATED: 12/8/2010

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

Plaintiff,

v.

ROACH et al,

Defendant.
_______________________________________/

Case Number: CV10-02088 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Riley E-48875 D7-125
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD, CA 93960-1050

Dated: December 8, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk