IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, | No. C 10-2088 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |
| v. | |
| CORRECTIONAL OFFICERS S. ROACH AND E. MORRIS, | (Docket nos. 3, 5) |
| Defendants. | |

_____/

INTRODUCTION

On May 17, 2010, Plaintiff Shannon Riley, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging a retaliation claim against Defendants SVSP Correctional Officers S. Roach and E. Morris.

On that same date, Plaintiff also filed a motion for a preliminary injunction (docket no. 3) that would prohibit Defendant Roach from issuing any "false" rule violation reports against him. (Pl.'s May 17, 2010 Mot. at 5.)  On June 16, 2010, Plaintiff filed another motion entitled, "Ex Parte Motion/Injunction" (docket no. 5) in which he asks "that his request for a temporary injunction be ruled on." (Pl.'s June 16, 2010 Mot. at 1.)  Plaintiff appears to refer to his original May 17, 2010 motion for a preliminary injunction in his "Ex Parte Motion/Injunction."

In an Order dated December 8, 2010, the Court found that Plaintiff's allegations presented a cognizable retaliation claim against Defendants and ordered service on them.  The Court also directed Defendants to respond to Plaintiff's motion for a preliminary injunction.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  On February 8, 2011, Defendants filed an answer to the

2  complaint as well as their response to the motion for a preliminary

3  injunction.

4  For the reasons outlined below, the Court DENIES Plaintiff's

5  motion for a preliminary injunction.

6  DISCUSSION

7  The facts which Plaintiff relies upon to support his motion

8  for a preliminary injunction are those alleged in his complaint and

9  summarized in the Court's order of service:

10  In Plaintiff's original complaint dated April 13,
    2010, he states that Defendant SVSP Correctional Officer
11  S. Roach "has continued to retaliate and harass [him] by
    filing false rule violation reports, refusing to release
12  [him] for work and ultimately causing [him] to seek a job
    change [due] to the continuous harassment and
13  retaliation."  (Compl. at 3.)  In Plaintiff's new
    complaint, he specifies that the alleged retaliation took
14  place in 2009, after he filed a grievance against SVSP
    Correctional Officer Vasquez, one of Defendant Roach's
15  "buddies."  (Apr. 25, 2010 Compl., Ex. E at 101.)
    Plaintiff claims that on July 6, 2009, Defendant Roach
16  retaliated against him by "refus[ing] to release [him]
    for his work assignment."  (Id. at 99.)  Plaintiff claims
17  that he was not allowed to "perform his work assignment"
    from July 7, 2009 through July 9, 2009.  (Id. at 101.)
18  Plaintiff claims that on July 8, 2009, he confronted
    Defendant Roach "about his reason for refusing to release
19  [him] for his work assignment," and Defendant Roach
    "responded by stating he don't [sic] like I/M paper
20  pushers specifically when I/M's file against one of his
    buddies . . . .  C/O Roach was referring to the a [sic]
21  complaint [Plaintiff] filed against C/O Vasquez."  (Id.)
    Plaintiff also identifies the staff member "who signs the
22  time cards" as Defendant SVSP Correctional Officer
    Morris, and claims Defendant Morris "'falsely documented'
23  [his] time card as [Plaintiff] was allowed out to perform
    his duties."  (Id. at 100-101.)

24
    Plaintiff filed an administrative grievance relating
25  to his retaliation claim, and his allegations were
    investigated at the second level of review.  In the
26  second level decision, dated September 3, 2009, it was
    determined that his appeal was "partially granted"
27  because an inquiry into Plaintiff's allegations had been
    conducted.  (Id. at 104.)  The details of the inquiry
28  were not disclosed, but the reviewer concluded:  "The
    inquiry is complete.  Staff did not violate CDCR policy."

United States District Court
For the Northern District of California

(<u>Id.</u>)  At the third level of review the second level findings were upheld.

(Dec. 8, 2010 Order at 1-2.)

Plaintiff's motion for a preliminary injunction further alleges that Officer Roach also retaliated against him by issuing two false rule violation reports (RVRs) against him.  (Pl.'s May 17, 2010 Mot. at 2.)  Plaintiff claims that Officer Roach issued the two RVRs to ensure that he would be placed in a behavioral-management unit (BMU) if he receives "a total of three (3) [RVRs] wihin [sic] a 180 day period."  (<u>Id.</u> (citing Cal. Code Regs. tit. 15, § 3000.))  BMU is "alternate general population housing and programming which is designed to reduce inmates' continuing involvement in disruptive behavior, violence, or noncompliance with CDCR rules and regulations, allowing non-disruptive inmates in the general population the opportunity to program without continual interruption due to the behavior of a smaller, more disruptive segment of the inmate population."  Cal. Code Regs. tit. 15, § 3000.  Plaintiff claims an inmate "placed in BMU will be required to send almost all of their personal property home at the inmate[']s expense."  (Pl.'s May 17, 2010 Mot. at 1 (citing Cal. Code Regs. tit. 15, §§ 3190(c), 3334(g)(2).)  Plaintiff asserts that, unless the Court grants his request for a preliminary injunction, Defendant Roach will issue a third RVR against Plaintiff within a six-month period, which will cause Plaintiff to be transferred to a BMU.  (<u>Id.</u>)

Defendant Roach claims that he "never charged Riley with a 'false' rule violation."  (Roach Decl. ¶ 12.)  Defendant Roach claims that when he started working at Facility D at SVSP in July,

United States District Court
For the Northern District of California

1   2009, he noticed that inmates who were released from their cells

2   for work assignments frequently violated prison rules and

3   regulations by wandering around the building and its various tiers

4   to pass items to other inmates, or to visit other inmates before

5   reporting to work.  (Id. ¶ 4.)  He "considered this behavior to be

6   a serious safety and security risk because correctional officers

7   were unable to closely monitor unauthorized inmate excursions

8   throughout Facility D."  (Id.)

9        According to the record, Defendant Roach issued Plaintiff two

10  RVRs charging him with refusal to obey a direct order on December

11  24, 2009 for passing an item to another inmate's cell, and on March

12  5, 2010 for wandering about the facility before reporting to his

13  work assignment.  (Burgh Decl., Exs. A, B.)  Plaintiff was found

14  guilty of both charges.  (Id.)  Defendant Roach claims that at the

15  time he issued the two RVRs, he "did not know that [Plaintiff] had

16  filed an inmate grievance against a correctional officer named

17  Vasquez."  (Roach Decl. ¶ 9.)  Since March, 2010, the record shows

18  that Defendant Roach has not charged Plaintiff with any other RVRs.

19  (Burgh Decl. ¶ 7; Roach Decl. ¶ 11.)  Also, Defendant Roach claims

20  that after he issued the March, 2010 rule violation against

21  Plaintiff, Plaintiff "began obeying [his] direct orders and

22  complying with prison rules most of the time."  (Roach Decl. ¶ 10.)

23  Defendant Roach adds that if Plaintiff "continues to comply with

24  prison rules and direct orders from correctional officers," then he

25  has "no intention of charging Plaintiff with another rule

26  violation."  (Id.)

27       The record shows that other SVSP officers have charged

28  Plaintiff with two RVRs since March, 2010.  (Burgh Decl., Exs.

United States District Court
For the Northern District of California

C-D.)  On October 24, 2010, SVSP Correctional Officer Lugo charged

Plaintiff with a RVR for fighting with another inmate.  (Id.)

Plaintiff pleaded guilty to that charge.  (Id.)  And on December

23, 2010, SVSP Correctional Officer Calderon charged Plaintiff with

a RVR for disobeying a direct order.  (Id.)  As of February 7,

2011, that charge has not yet been adjudicated and is still

pending.  (Id.)

The record also shows that since Plaintiff filed the present

motion for a preliminary injunction, he has been housed at Facility

D at SVSP and that he has never been transferred to a BMU.  (Burgh

Decl. ¶ 13.)  And there are currently no plans to transfer

Plaintiff from Facility D, which is a general-population facility.

(Id. ¶ 2.)

The Prisoner Litigation Reform Act of 1995 restricts the power

of the district court to grant prospective relief in any action

involving prison conditions.  See 18 U.S.C. § 3626(a); Oluwa v.

Gomez, 133 F.3d 1237, 1239 (9th Cir. 1998).  Section 3626(a)(2)

applies specifically to preliminary injunctive relief.  See 18

U.S.C. § 3626(a)(2).  In civil actions with respect to prison

conditions it permits the court to enter a temporary restraining

order (TRO) or preliminary injunction "to the extent otherwise

authorized by law" but also requires that such an order "must be

narrowly drawn, extend no further than necessary to correct the

harm the court finds requires preliminary relief, and be the least

intrusive means necessary to correct that harm."  Id.  The court

must give "substantial weight to any adverse impact on public

safety or the operation of a criminal justice system caused by the

preliminary relief."  Id.

United States District Court
For the Northern District of California

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., __ U.S. __, 129 S. Ct. 365, 374 (2008). In Winter, the Court rejected the Ninth Circuit's earlier approach that allowed issuance of a preliminary injunction based on the "possibility" of irreparable injury, determining that the movant must demonstrate that irreparable injury was likely in order to obtain a preliminary injunction. Id. at 375; see also American Trucking Association v. Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (Winter standard replaces the previous tests for preliminary injunctions that had been used in the Ninth Circuit).

Where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. Guzman v. Shewry, 552 F.3d 941, 948 (9th Cir. 2009).

Under Federal Rule of Civil Procedure 52(a), a district court must set forth findings of fact and conclusions of law supporting an order granting or denying an injunction. FTC v. Enforma Natural Products, 362 F.3d 1204, 1212 (9th Cir. 2004). A failure to comply with Rule 52(a) does not require reversal unless a full understanding is not possible without separate findings, in which case the appellate court may remand for more detailed findings and conclusions. Id. Verbatim adoption of a prevailing party's proposed findings in support of an injunction is generally disapproved, though not automatically objectionable if supported by

the record.  Id. at 1215.

Here, Plaintiff fails to establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 129 S. Ct. at 374.

I.   Likelihood of Success on the Merits

In its Order of Service, the Court found that Plaintiff stated a cognizable retaliation claim against Defendants Roach and Morris, stating:

> "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities."  White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).
>
> In his original complaint, Plaintiff alleges that Defendants Roach and Morris retaliated against him by refusing to release him for his work assignment and falsely documenting his time card to say he was allowed out to perform his duties, respectively.  Plaintiff claims Defendants Roach and Morris acted in this matter because Plaintiff filed a complaint against another officer, Officer Vasquez.  Liberally construed, Plaintiff's allegations state a cognizable retaliation claim against Defendants Roach and Morris.

(Dec. 8, 2010 Order at 5-6.)

Here, in the present motion for injunctive relief, Plaintiff claims that Defendant Roach charged him with two "false" RVRs and would charge him with one more so that he would be placed in a BMU.

United States District Court
For the Northern District of California

(Pl.'s May 17, 2010 Mot. at 1.)  As explained above, Plaintiff further claims Defendant Roach's actions were motivated by a desire to retaliate against him for submitting a 602 appeal against Officer Vasquez.  Defendant Roach claims that, at the time that he charged Plaintiff with the two RVRs, he did not know that Plaintiff had filed that 602 appeal against Officer Vasquez. (Decl. Roach ¶ 9.)  And Officer Roach never charged Plaintiff with a third RVR within six months; therefore, Plaintiff did not get transferred to a BMU.  (Roach Decl. ¶¶ 7-8, 10.)  These facts demonstrate that Plaintiff's conclusory allegations against Defendant Roach are not likely to succeed on the merits.

Furthermore, in order for Plaintiff to prevail on his retaliation claim, he must prove that Defendant Roach's conduct did not advance any legitimate correctional goal.  See Rhodes, 408 F.3d at 567-68.  Plaintiff has not done so.  The record shows that Defendant Roach's conduct of issuing RVRs -- especially, when inmates, such as Plaintiff, violated direct orders -- furthered the legitimate correctional goals of prison safety and security.

Finally, even if Plaintiff could show that Defendant Roach's actions had a partial retaliatory motive, he cannot show that a retaliatory motive was the "but-for" cause of Defendant Roach's actions.  See Hartman v. Moore, 547 U.S. 250, 260 (2006) (if there is a finding that retaliation was not the but-for cause of the action complained of, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of some retaliatory animus in the official's mind).  The record shows that Defendant Roach's concerns about safety, security, order and discipline were what motivated him to charge Plaintiff with the

two rule violations reports.  (Roach Decl. ¶¶ 4-6.)  And, as mentioned above, Defendant Roach's actions did further those legitimate correctional goals.  (Id.)

In sum, Plaintiff cannot demonstrate a likelihood of success on the merits of his retaliation claim against Defendant Roach based on the allegations in the present motions.

II.  Likelihood of Irreparable Harm in the Absence of Preliminary Relief and Balance of Equities

While Plaintiff bases his motion for preliminary injunctive relief on his fear of getting a third RVR from Defendant Roach and being transferred to a BMU, the record shows that no such RVR has been issued and no such transfer has been made.  Therefore, Plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary relief or that the balance of hardships tips sharply in his favor.

III.  Public Interest

Finally, because Plaintiff has failed to satisfy the heavy burden of proving that he is likely to suffer irreparable harm unless an injunction is granted, then it follows that he has also failed to show that such an injunction is in the public interest.

Accordingly, Plaintiff's motion for a preliminary injunction (docket nos. 3,5) is DENIED.

This Order terminates Docket nos. 3 and 5.

IT IS SO ORDERED.

DATED: 3/29/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SHANNON RILEY,

                Plaintiff,

    v.

ROACH et al,

                Defendant.

_____/

Case Number: CV10-02088 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon  Riley E-48875 D7-125
SALINAS VALLEY STATE PRISON (1050)
PO BOX 1050
SOLEDAD,  CA 93960-1050

Dated: March 29, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk