IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, | No. C 10-02088 CW (PR) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO FILE SUPPLEMENTAL PLEADINGS, FOR APPOINTMENT OF COUNSEL, AND FOR LEAVE TO FILE A PETITION FOR A WRIT OF MANDAMUS; GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DISMISSING CLAIM; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CORRECTIONAL OFFICERS S. ROACH AND E. MORRIS, | |
| Defendants. | |
| _____/ | (Docket nos. 36, 37, 42, 46, 58) |

INTRODUCTION

Plaintiff Shannon Riley, a prisoner at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983 against Defendants SVSP Correctional Officers S. Roach and E. Morris.  Plaintiff alleges that Defendants retaliated against him for filing an inmate grievance and exercising his constitutional right of access to the courts.  Defendants move for summary judgment.  Plaintiff opposes their motion and Defendants have filed a reply.  Additionally, Plaintiff has filed numerous motions.

STATEMENT OF FACTS

The facts underlying Plaintiff's retaliation claim are taken from his two complaints and attached exhibits.[1]  In his first complaint, Plaintiff alleged that Roach "continued to retaliate and harass [him] by filing false rule violation reports, refusing to release [him] for work and ultimately causing [him] to seek a job change [due] to the continuous harassment and retaliation." First Compl. at 3.  In his second complaint, Plaintiff explains that the alleged retaliation occurred because Plaintiff filed an inmate grievance in April 2009, against one of Roach's "buddies," namely, SVSP Correctional Officer Vasquez.  Sec. Compl., Ex. A at 59, Ex. E at 101.

Plaintiff alleges that in July 2009, Roach retaliated against him by "refus[ing] to release [him] for his work assignment" as a prison barber.  Sec. Compl., Ex. E at 98.  He alleges that Morris would let him out of his cell before his work shift to compile a list of inmates needing haircuts or shaves, which he would then give to Morris.  Pl.'s Decl. Re: Roach at 2; Sec. Compl., Ex. F at 118-119.  He says Roach would not let him out of his cell on July 8 and 9, 2009, leaving him unable to compile the list, Pl.'s Decl. Re: Roach at 2, and that Roach did not allow him to "perform his

---

[1] Plaintiff filed two different complaints on May 17, 2010. The first complaint is dated April 13, 2010, and the second complaint is dated April 25, 2010.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

work assignment" from July 7, 2009 through July 9, 2009.[2]  Sec. Compl., Ex. E at 100.  Plaintiff claims that on July 8, 2009, he confronted Roach "about his reason for refusing to release [him] for his work assignment," and Roach "responded by stating he don't [sic] like I/M paper pushers specifically when I/M's file against one of his buddies . . . . C/O Roach was referring to the a [sic] complaint [Plaintiff] filed against C/O Vasquez."  Id.

Plaintiff identifies Morris as the staff member "who signs [the] time cards," and claims that Morris "'falsely documented' [Plaintiff's] time card as [if he had been] allowed out to perform his duties" from July 7, 2009 to July 9, 2009.  Id. at 99-100.  Plaintiff claims that Morris falsified his time card on other occasions.  Specifically, Plaintiff states, "morris [sic] was in charge of [Plaintiff's] time cards and there were a number of times when [Plaintiff] was not allowed out to work for no apparent reason, yet officer morris [sic] would still log in [Plaintiff's] time card as if [Plaintiff] did in fact work."  Pl.'s Decl. Re: Morris at 2.

In July 2009, Plaintiff filed an inmate grievance against Roach for retaliation.  Sec. Compl. at 4; Sec. Compl., Ex. E at

_____

[2] In the same exhibit, however, Plaintiff states that Roach did not release him for his work assignment beginning July 6, 2009.  Sec. Compl., Ex. E at 98.  Plaintiff later clarifies this statement by stating that July 6, 2009 was the date Roach began working in the building in which he was housed, not the start date of Roach's refusal to release him for his work assignment.  Pl.'s Decl. Re: Roach at 2.

98.  Plaintiff's allegations were investigated at the second level of review.  Sec. Compl., Ex. E at 104.  In the second level decision dated September 3, 2009, it was determined that Plaintiff's appeal was "partially granted" because an inquiry into Plaintiff's allegations had been conducted.  Id.  The details of the inquiry were not disclosed, but the reviewer concluded: "The inquiry is complete.  Staff did not violate CDCR policy."  Id.  At the third level of review the second level findings were upheld.  Id. at 96.

Plaintiff alleges that on August 19, 2009, he "continued to experience harassment and retaliation from both officers C/O Morris and Roach."  Sec. Compl. at 5.  Plaintiff alleges that he subsequently attempted to file a grievance against Morris, but it was "returned by the appeals coordinator alleging it to be a 'duplicate' thereby preventing [him] from exercising his due process rights and access to court."  Id.; Sec. Compl. Ex. J at 129.

Plaintiff alleges that on December 24, 2009,[3] Roach "continued to target [him] for harassment and retaliation" by filing a false rules violation report (RVR) against him.  Sec. Compl. at 7.  Plaintiff was later found guilty of the offense.  Id. at 8.

_____

[3] Plaintiff states that Roach filed this rules violation report on "December 24, 2010."  However, the Court assumes he meant 2009.

On January 1, 2010, Plaintiff was "successful in securing a job change in an effort to remove himself from the continuous verbal assaults, arbitrary 'locing [sic] petitioner in his cell' and/or 'refusing to release petitioner out for work' . . . ." <u>Id.</u> at 7.

Plaintiff alleges that on March 5, 2010, Roach filed "another false rules violation report" against him. <u>Id.</u>; Sec. Compl., Ex. X at 187.

On May 17, 2010, Plaintiff filed the two complaints in this action.

DISCUSSION

I.   Motion to Supplement Pleadings

Plaintiff has filed a motion to supplement his complaints.[4] Federal Rule of Civil Procedure 15(d) permits "supplemental pleadings setting forth transactions or occurrences or events that have happened since the date of the pleading sought to be supplemented."  The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible.  <u>LaSalvia v. United Dairymen of Ariz.</u>, 804 F.2d 1113, 1119 (9th Cir. 1986).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings.  The rule is a tool of judicial economy and convenience."  <u>Keith v.</u>

_____

[4] Plaintiff's motion is comprised of two separate motions. The first was filed on January 6, 2011 and the second was filed on May 31, 2011.

United States District Court
For the Northern District of California

Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  However, "a supplemental complaint should have some relation to the claim set forth in the original pleading," and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility.  Id. at 474.  A claim is futile if no set of facts could be proved which would support it, or if the claim would be subject to dismissal.  Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Here, Plaintiff attempts to supplement his complaints by adding new allegations, and claims against four new Defendants, namely, Correctional Officers Beyer, Greco, Lopez and Black.  May 31, 2011 Mot. to Suppl. at 1.  However, most of the new events described by Plaintiff in his motion to supplement are unrelated to the claims and Defendants in his complaints.  For example, in his motion, Plaintiff alleges that Beyer and Greco retaliated against him by, among other things, failing to process his mail and searching and trashing his cell.  Jan. 6, 2011 Mot. to Suppl. at 2; May 31, 2011 Mot. to Suppl. at 2.  Plaintiff implies, but does not explicitly state, that these retaliatory actions were taken because he filed a grievance against Roach.  Jan. 6, 2011 Mot. to Suppl. at 1.  In addition, Plaintiff alleges in his motion that Lopez and Black improperly searched his cell.  May 31, 2011 Mot. to Suppl. at 3, 6.  These new allegations are not related to Plaintiff's retaliation claim against Defendants Roach and Morris. The only new allegations that involve one of the original

United States District Court
For the Northern District of California

Defendants pertain to an allegedly retaliatory cell search conducted by Morris. Id. at 3. But, as will be discussed below, Plaintiff concedes that Morris's actions were not prompted by a retaliatory motive and, thus, his proposed new claim of retaliation against Morris fails.

Because the proposed new retaliation claim against Morris would be futile and the other new allegations and Defendants described by Plaintiff in his motion to supplement are unrelated to the claims and Defendants addressed in his complaints, Plaintiff's motion to supplement his complaints is DENIED.

II.  Motion for Reconsideration

Plaintiff moves the Court to reconsider its December 8, 2010 Order dismissing as unexhausted the claims in Plaintiff's second complaint against Defendants Medina, Nickerson, Smith and Bocella. Plaintiff alleged that Medina, Nickerson and Smith failed to process properly his administrative appeals and/or grievances. Sec. Compl. at 8.

In his motion for reconsideration, Plaintiff argues that the Court misread his second complaint and that he did allege that he had exhausted his administrative remedies against Medina, Nickerson and Smith.[5]  Mot. for Recons. at 2. Although this is not clearly stated in the complaint, it appears that Plaintiff is

_____

[5] Plaintiff does not deny that he had not exhausted his administrative remedies against Defendant Bocella when he filed his second complaint. Thus, the Court's dismissal of the claim against Bocella will not be reconsidered.

United States District Court
For the Northern District of California

correct.  Sec. Compl. at 1, 12.  Thus, Plaintiff's motion for
reconsideration of the dismissal of his claim against Medina,
Nickerson and Smith is GRANTED.  However, for the reasons
explained below, this claim is DISMISSED without leave to amend.

A federal court must conduct a preliminary screening in any
case in which a prisoner seeks redress from a governmental entity
or officer or employee of a governmental entity.  See 28 U.S.C.
§ 1915A(a).  In its review, the court must identify cognizable
claims and dismiss any claims that are frivolous, malicious, fail
to state a claim upon which relief may be granted or seek monetary
relief from a defendant who is immune from such relief.  See id.
§ 1915A (b)(1),(2).  Pro se pleadings must, however, be liberally
construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,
699 (9th Cir. 1988).

Here, Plaintiff alleges Medina, Nickerson and Smith failed to
process properly his administrative appeals and/or grievances.
Sec. Compl. at 8.  Such allegations fail to state a claim for
relief.  There is no constitutional right to a prison
administrative appeal or grievance system; consequently, a prison
official's failure to process grievances is not actionable under
§ 1983.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)
(holding prisoner's claimed loss of liberty interest in processing
of administrative appeals does not violate due process because
prisoners lack separate constitutional entitlement to specific
prison grievance system).  Further, while a prisoner retains a

First Amendment right to petition the government for redress of grievances as to the constitutional claim underlying an administrative grievance, he possesses no constitutional right to a response to his grievance from prison officials.  See <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) (holding prisoner's First Amendment right of access to courts is not compromised by prison's refusal to entertain grievance).  Because Plaintiff has not alleged facts that state a cognizable claim for relief under § 1983, his claim against Medina, Nickerson and Smith is DISMISSED without leave to amend.

III. Motion to Appoint Counsel

Plaintiff has filed a renewed motion for the appointment of counsel.  The Court may appoint counsel under § 1915(e)(1) only under "exceptional circumstances."  28 U.S.C. § 1915(e)(2).  The Court must evaluate both: (1) the likelihood of success on the merits, and (2) the ability of the prisoner to articulate his claims <u>pro</u> <u>se</u> in light of the complexity of the legal issues involved.  As will be explained below, Plaintiff has not shown a likelihood of success on the merits of his claims.  Furthermore, the legal issues addressed in the motion for summary judgment are neither novel nor especially intricate.  In fact, Plaintiff has demonstrated his ability to brief issues adequately in his opposition to the motion for summary judgment and his other filings in this case.  On this basis, the Court DENIES Plaintiff's motion for court-appointed counsel.

United States District Court
For the Northern District of California

IV.  Motion for Summary Judgment

A.  Legal Standard

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289.  The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains

United States District Court
For the Northern District of California

by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.  The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991).  A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. Celotex, 477 U.S. at 323.

    B.   Analysis

    Prisoners have a First Amendment right to pursue civil rights litigation in the courts. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  Prisoners may not be retaliated against for exercising their right of access to the courts, and this extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated on other grounds by Shaw v. Murphy, 532 U.S. 223 (2001).

    A viable claim of First Amendment retaliation within the prison context entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68 (footnote omitted).

United States District Court
For the Northern District of California

Retaliatory motive may be shown by the timing of the allegedly retaliatory act and inconsistency with previous actions, as well as direct evidence.  Bruce v. Ylst, 351 F.3d 1283, 1288-89 (9th Cir. 2003).  A plaintiff must show a causal connection between a defendant's retaliatory animus and a subsequent injury. Hartman v. Moore, 547 U.S. 250, 259 (2006).  The requisite causation must be but-for causation, i.e., without the prohibited animus, the adverse action would not have been taken.  Id. at 260. Upon a prima facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of. Id.  If there is a finding that retaliation was not a but-for cause of the action of which the plaintiff complains, the claim fails for lack of causal connection between unconstitutional motive and resulting harm, despite proof of retaliatory animus in the official's mind.  Id.

The prisoner bears the burden of pleading and proving the absence of a legitimate correctional goal for the conduct of which he complains.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  Courts considering retaliation claims brought by prisoners must keep in mind the potential for "excessive judicial involvement in day-to-day prison management, which 'often squander[s] judicial resources with little offsetting benefit to anyone.'"  Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)).  In particular, courts should "'afford

appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Id. (quoting Sandin, 515 U.S. at 482).

    1. Roach

      a. Refusal to Release for Work Assignment

    Plaintiff alleges that Roach retaliated against him by refusing to release him for his work assignment from July 7, 2009 to July 9, 2009. Sec. Compl., Ex. E at 100. Plaintiff's claim fails for two reasons.

    First, Plaintiff has not created a triable issue of material fact as to whether Roach took this action because Plaintiff filed a grievance against Vasquez. In his opposition to the motion for summary judgment, Plaintiff explicitly asserts for the first time that on July 8, 2009, Roach told Plaintiff that he was not releasing him for his work assignment because Plaintiff filed a grievance against Vasquez. Opp'n at 8. Roach denies this and argues that his action could not have been retaliatory because he did not start working in the building in which Plaintiff was housed until July 6, 2009, and prior to this date did not know about Plaintiff or his grievance.[6] Roach Decl. ¶ 5. Thus, there

---

    [6] Roach has presented undisputed evidence that he was not working at the prison on July 7, 2009. Thus, the only dates at issue are July 8, 2009 and July 9, 2009. Roach Decl. ¶¶ 6-9.

13

United States District Court
For the Northern District of California

is a dispute as to whether Roach harbored a retaliatory animus when he acted.

However, even assuming that Roach did have a retaliatory motive, Plaintiff fails to demonstrate that Roach's retaliatory animus was the but-for cause of Roach's action.  Although Roach testifies in his declaration that he does not recall whether he released Plaintiff for work on July 8 and 9, he declares that he has refused to release Plaintiff for his work assignment only to advance legitimate correctional goals.  <u>Id.</u>  Specifically, Roach states:

> I have only ever decided not to release [Plaintiff] for work to: (1) discipline [Plaintiff] for violating direct orders, regulations, or operational procedures; (2) to improve safety and security by keeping [Plaintiff] in his cell when [Plaintiff] had no haircuts or other barber-related work to perform; or (3) to maintain safety and security when events occurred at Salinas Valley State Prison that made it impossible to safely release [Plaintiff] for his work assignment.

<u>Id.</u>

In support of his assertion, Roach points out that he had only been assigned to that building for two days when Plaintiff claims he refused to release Plaintiff for work.  <u>Id.</u> at ¶¶ 6-9. He states that prison policy does not provide that inmates who work as barbers be released from their cells to compile a list of inmates wanting a haircut; rather, it is the Housing Unit Officer's responsibility to compile the list.  <u>Id.</u>; Morris Decl., Ex. B at 5.  Plaintiff has failed to present evidence that Roach, on his first two days assigned to the building, was aware that

14

United States District Court
For the Northern District of California

Morris had implemented a different practice of letting Plaintiff out of his cell to compile the list.  Opp'n at 6.  Accordingly, Roach reasonably could have concluded that he would receive a list of inmates needing haircuts from the Housing Unit Officer, and Plaintiff would only be released if inmates needed haircuts. Plaintiff agrees that no such list was compiled on July 8 and 9, 2009.  Pl.'s Decl. Re: Roach at 2.

It is Plaintiff's burden to provide evidence of the absence of a legitimate correctional goal for the conduct of which he complains.  Pratt, 65 F.3d at 806.  Aside from stating that Roach's actions were "not taken to achieve a legitimate penological goal," Opp'n at 15, Plaintiff offers no evidence that Roach's refusal to release him for his work assignment did not advance legitimate correctional goals such as those proffered by Roach.  Plaintiff fails to meet his burden.

Roach is entitled to summary adjudication of Plaintiff's retaliation claim to the extent it is based on this ground.

b. The RVRs

Plaintiff alleges that Roach retaliated against him by issuing him two false RVRs--the first on December 24, 2009 and the second on March 5, 2010.  This claim fails for two reasons.

First, Plaintiff has not created a triable issue of material fact as to whether Roach issued these RVRs because Plaintiff filed a grievance against Vasquez.  Plaintiff fails to provide evidence showing a nexus between his grievance against Vasquez and Roach's

United States District Court
For the Northern District of California

issuance of the RVRs.  Temporal proximity is lacking.  Plaintiff filed the grievance against Vasquez in April 2009.  Roach issued the first RVR in December 2009, eight months after Plaintiff filed the grievance, and the second RVR in March 2010, eleven months after the grievance was filed.  Plaintiff fails to present evidence that Roach harbored a retaliatory animus when he issued these RVRs.  However, even assuming that Roach's motivation when issuing the RVRs was retaliatory, Plaintiff fails to demonstrate that Roach's retaliatory animus was the but-for cause of Roach's issuance of the RVRs.

The December 24, 2009 RVR was for violating a direct order. Roach states, "I observed [Plaintiff] passing an item to another inmate's cell.  In the past, I had repeatedly advised [Plaintiff] that he was prohibited from wandering around Facility D during his assigned work hours to pass items to other inmates, and had ordered [Plaintiff] to cease that behavior."  Roach Decl. ¶ 15. Plaintiff does not deny this, but explains his action by stating: "[I] was assisting [my] neighbor retreive [sic] 3 poloroid photo's [sic] that were sitting in front of his cell."  Pl.'s Decl. Re: Roach at 3.  The March 5, 2010 RVR was also for violating a direct order.  Roach states, "Instead of reporting directly to his work assignment, [Plaintiff] visited the upper tier of the building." Roach Decl. ¶ 16.  Roach asserts that he "had previously advised [Plaintiff] that it was a violation of prison rules and regulations for him to wander about the facility before reporting

to his work assignment, and had ordered [Plaintiff] to cease that behavior." <u>Id.</u>  Aside from stating that Roach's assertions are a "complete and total fabrication," Pl.'s Decl. Re: Roach at 4, Plaintiff offers no facts to the contrary, and his conclusory statement is insufficient to create a triable issue of material fact.  Plaintiff fails to present evidence that Roach's retaliatory animus was the but-for cause of his issuance of the RVRs.

Second, Plaintiff's claim fails because he has not created a triable issue of material fact that Roach's issuance of these RVRs did not reasonably advance legitimate correctional goals.  Roach has provided sufficient evidence to show that his issuance of the RVRs advanced legitimate correctional goals.

Because Plaintiff fails to create triable issues of material fact regarding whether Roach issued the RVRs because Plaintiff filed a grievance and whether Roach's actions reasonably advanced legitimate correctional goals, Roach is entitled to summary adjudication of Plaintiff's retaliation claim to the extent it is based on this ground.

2. Morris

Plaintiff alleges that Morris retaliated against him by falsifying his time card to indicate that he had been released for his work assignment when that was not the case.  Sec. Compl., Ex. E at 99-100.  Plaintiff's claim fails for two reasons.

**United States District Court**
For the Northern District of California

First, Plaintiff's claim fails because Morris's action was not adverse to Plaintiff. Plaintiff's claim against Morris is not that Morris refused to release Plaintiff for his work assignment, but rather that Morris credited Plaintiff for hours he had not worked. Plaintiff has not alleged that he suffered any harm as a result of Morris's alleged retaliatory action. In fact, Plaintiff received pay and work credits for these hours.

Second, Plaintiff's claim fails because he has not created a triable issue of material fact as to whether Morris's alleged action was taken <u>because</u> Plaintiff engaged in protected conduct. In its December 8, 2010 Order, in which it found Plaintiff's retaliation claim cognizable, the Court construed Plaintiff's second complaint as alleging that the retaliation by Morris occurred because Plaintiff filed a grievance against Vasquez. Dec. 8, 2010 Order at 5-6. That is the claim to which Defendants have responded. However, in his opposition to Defendants' motion for summary judgment, Plaintiff now states that Morris's retaliation was not motivated by the grievance against Vasquez. Rather, Plaintiff appears to argue that Morris joined in Roach's retaliatory actions for unspecified reasons. Plaintiff states:

> [P]etitioner does not claim officer morris retaliated against petitioner due to a grievance petitioner filed against C/o Vasquez. Petitioner alleges that officer Roach in fact did this. Officer morris however seemed to just jump on board with officer Roach. However, it can be inferred that officer morris's assistance to officer roach could be construed as retaliation to petitioner's grievance against C/o Vasquez.

Pl.'s Decl. Re: Morris at 1.

**United States District Court**
For the Northern District of California

To the extent that Plaintiff's claim of retaliation against Morris is simply that Morris decided to join in Roach's retaliatory action, the claim fails.  Plaintiff has not provided evidence demonstrating that Morris's action was taken because Plaintiff engaged in protected conduct.  Paradoxically, Plaintiff asks the Court to infer that Morris's alleged action was retaliatory, even as he concedes that he does not believe this action was prompted by a retaliatory motive.

Accordingly, Morris is entitled to summary judgment on Plaintiff's retaliation claim.

V.   Qualified Immunity

Defendants argue that they are entitled to qualified immunity.  The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The threshold question in qualified immunity analysis is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).  The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Id. at 202.

United States District Court
For the Northern District of California

On the facts presented herein, viewed in the light most favorable to Plaintiff, Defendants prevail as a matter of law on their qualified immunity defense because the record establishes no constitutional violation.  Even if a constitutional violation did occur, however, Defendants could have reasonably believed their conduct was lawful.  Specifically, even if Roach harbored a retaliatory animus against Plaintiff, it would not have been clear to a reasonable officer in Roach's position that his refusal to release Plaintiff from his cell to go to work on July 8 and 9, 2009, was unconstitutional given that it conformed to prison policy.  Roach understood the policy to be that he would release inmate barbers if he was given a list by another officer of inmates needing haircuts.  Plaintiff has stated that no such list was compiled on those dates because he was not let out of his cell.  Pl.'s Decl. Re: Roach at 2.  Further, it would not have been clear to a reasonable officer in Roach's position that issuing the December 2009 and March 2010 RVRs against Plaintiff was unconstitutional, where Plaintiff's actions on those dates were in violation of prison procedures.  Finally, it would not have been clear to a reasonable official in Morris's position that his decision to "join in" Roach's strict, but lawful, enforcement of prison procedures was unconstitutional.

Accordingly, Defendants are entitled to qualified immunity with respect to all of Plaintiff's claims, and their motion for summary judgment is GRANTED for this reason as well.

VI.   Motion for Leave to File a Writ of Mandamus

Plaintiff has filed a motion for leave to file a writ of mandamus to compel the Court to rule on his pending motions. Because Plaintiff's pending motions have now been decided, the Court DENIES the motion as moot.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion to supplement his pleadings is DENIED. (Docket No. 36).

2. Plaintiff's motion for reconsideration is GRANTED. (Docket No. 42).

3. Plaintiff's claim against Defendants Medina, Nickerson and Smith is DISMISSED without leave to amend.

4. Plaintiff's motion for appointment of counsel is DENIED. (Docket No. 46).

5. Defendants' motion for summary judgment is GRANTED. (Docket No. 37).

//

//

//

//

//

//

//

//

6. Plaintiff's motion for leave to file a writ of mandamus is DENIED.  (Docket No. 58).

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket numbers 36, 37, 42, 46 and 58.

IT IS SO ORDERED.

Dated: 03/31/12

_____
CLAUDIA WILKEN
United States District Judge